UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20188-CR-GAYLES/OTAZO-REYES

18 U.S.C. § 1349
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

STUART LEWIS,

       **Defendant.**
_____/

## INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The CareCredit Program

1. Synchrony Bank ("Synchrony Bank"), a federally insured bank, was a "financial institution" as defined by Title 18, United States Code, Section 20.

2. Synchrony Bank offered to the public CareCredit, a health care credit card that could be used to pay for out-of-pocket medical expenses not covered by medical insurance, and provided by a pre-approved network of health care providers who were enrolled with CareCredit. Health care providers who applied to participate in the CareCredit network and were approved by Synchrony Bank could offer CareCredit cards to their patients. Providers who enrolled in CareCredit agreed to abide by, among others, the following terms, each of which was material to Synchrony Bank:

    a. Patients' CareCredit accounts could only be charged for costs incurred or services

actually rendered within thirty days of a charge;

b. CareCredit providers could only process charges for the sale of goods or care rendered by the provider enrolled with the CareCredit program; and

c. CareCredit providers or a member of the provider's staff were required to inform CareCredit cardholders (i.e., the patients receiving the services) that the deferred interest program for CareCredit cards carried an annual percentage rate of 26.99.

### The Defendant, Related Companies, and Individuals

3. Defendant **STUART LEWIS** was a resident of Palm Beach County and a doctor of osteopathic medicine ("D.O.").

4. Dynamic Medical Services, Inc. ("Dynamic Medical") was a corporation organized under the laws of the State of Florida with a principal place of business located at 1490 W 49th Place, Suite 204, Hialeah, Florida 33321.

5. Dennis Nobbe was a resident of Miami-Dade County, a chiropractic medical doctor, and the president of Dynamic Medical Services. In or around 2010, Nobbe was terminated from the CareCredit program as a result of engaging in "risky" transactions.

### Conspiracy to Commit Wire Fraud and Bank Fraud
### (18 U.S.C. § 1349)

From in or around June 2018, and continuing through in or around November 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**STUART LEWIS,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Dennis Nobbe and others known and unknown to

the United States Attorney to commit certain offenses against the United States, that is:

    a.    to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343; and

    b.    to knowingly, and with the intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including Synchrony Bank, which scheme and artifice would employ a material falsehood, and to knowingly execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(1) and (2).

### Purpose of the Conspiracy

6.    It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent (i) applications to Synchrony Bank for CareCredit accounts; and (ii) claims to Synchrony Bank for services that were medically unnecessary, never provided, not provided as

represented, and not eligible for payment through CareCredit; (b) concealing the submission of false and fraudulent claims to Synchrony Bank; and (c) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others:

7. **STUART LEWIS** submitted a false and fraudulent application to Synchrony Bank to become an approved health care provider in the CareCredit network, in which **LEWIS** falsely represented that **LEWIS** would provide treatment to CareCredit patients, and that CareCredit patients would only be billed for services actually rendered within thirty days of a charge to their CareCredit account. In so doing, **LEWIS** concealed from Synchrony Bank that Dennis Nobbe, rather than **LEWIS**, would be the person treating and charging the CareCredit patients.

8. Dennis Nobbe encouraged his patients at his chiropractic clinic, Dynamic Medical, to open CareCredit consumer accounts, and concealed from these patients the fact that he was not an authorized CareCredit provider.

9. **STUART LEWIS** and Dennis Nobbe used **LEWIS**'s CareCredit provider account to submit and cause to be submitted charges to the CareCredit consumer accounts for Dynamic Medical's patients for services that were performed by Dennis Nobbe rather than **LEWIS**, that were not performed at all, and that were not rendered within thirty days of the charges to these CareCredit accounts, and thus, were not eligible for payment through CareCredit.

10. Upon a charge placed on a Dynamic Medical patient's CareCredit account through **STUART LEWIS**, CareCredit would deposit, via interstate wire communication, into bank

accounts controlled by **LEWIS,** the amount charged to a patient account, less processing and transaction fees.

11. As a result of such false and fraudulent charges to Dynamic Medical patients' CareCredit cards under the name of **STUART LEWIS**, Synchrony Bank paid approximately $713,876 into bank accounts controlled by **LEWIS**.

12. **STUART LEWIS** wired approximately $678,488 of funds that were falsely and fraudulently obtained from Synchrony Bank to Dennis Nobbe, via interstate wire communication. **LEWIS** retained approximately $22,480 of the falsely and fraudulently obtained CareCredit funds for himself, for his personal use and benefit and the use and benefit of others.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE
## (18 U.S.C. § 982)

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **STUART LEWIS**, has an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Sections 1343 or 1344, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a forfeiture money judgment of $22,480.

All pursuant to Title 18, United States Code, Section 982 and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

ROBERT ZINK
CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ALLAN MEDINA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____
SARA CLINGAN
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

STUART LEWIS,

_____ Defendant. _____/

CASE NO._____

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New defendant(s)        Yes ___  No ___
Number of new defendants ___
Total number of counts ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days      ✓
   - II   6 to 10 days
   - III  11 to 20 days
   - IV   21 to 60 days
   - V    61 days and over

   (Check only one)
   - Petty
   - Minor
   - Misdem.
   - Felony   ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: 20-mj-03236-JB
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ___   No ✓

_____
SARA CLINGAN
DOJ TRIAL ATTORNEY
COURT ID No. A5502508

*Penalty Sheet(s) attached                               REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** STUART LEWIS

**Case No:** _____

Count #: 1

Title 18, United States Code, Section 1349

Conspiracy to Commit Wire Fraud and Bank Fraud

**\*Max Penalty:** Twenty (20) years' imprisonment

Count #:

**\*Max Penalty:**

Count #:

**\*Max Penalty:**

Count #:

**\*Max Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| STUART LEWIS, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*