# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20188-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STUART LEWIS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON OBJECTIONS TO ANSWERS OF WRIT OF GARNISHMENT

This matter is before the Court on Stuart Lewis' ("Mr. Lewis" or "Defendant") Objections to Answers of Writ of Garnishment. [D.E. 72]. On March 16, 2022, the United States of America ("United States" or "Government") filed a response in opposition to the Defendant's Objections, [D.E. 74], to which Defendant did not reply. On October 31, 2022, the Court held an evidentiary hearing pursuant to 28 U.S.C. § 3205(c)(5), where the undersigned heard testimony from both parties on the merits of Defendant's motion. Therefore, Defendant's motion is now ripe for disposition.[1] After careful consideration of the motion and the supporting record, and for the reasons set forth below, Defendant's motion should be **DENIED**.

---

[1] The Honorable Darrin P. Gayles referred the motion to the Undersigned for disposition.

## I.     BACKGROUND

On November 17, 2020, Defendant pleaded guilty to wire and bank fraud charges stemming from his participation in a scheme to defraud a financial institution through the submission of fraudulent medical claims, in violation of 18 U.S.C. §§ 1343 and 1344. [D.E. 19 ¶ 1(a) and (b)]. In the Plea Agreement, Defendant agreed to the entry of a forfeiture money judgment against him for $22,480, the sum of money equal in value to the gross proceeds that he obtained which are traceable to the commission of the violation to which he pleaded guilty. *Id.* ¶ 16. Further, Defendant acknowledged that restitution for the full loss caused by his criminal conduct was mandatory pursuant to 18 U.S.C. § 3663A, and agreed to a restitution judgment in the amount of approximately $608,781.

On March 16, 2021, following a sentencing hearing, the Court entered judgment and sentenced Defendant to a term of time served followed by three years of supervised release. [D.E. 37]. During the sentencing hearing, the Court ordered Defendant to pay restitution in an amount to be determined at a subsequent hearing, which was scheduled to take place on June 18, 2021. [D.E. 80-1 at 36–37]. However, on June 14, 2021, the parties filed a joint stipulation, whereby the Government and Defendant agreed to a restitution amount of $608,781, out of which $508,393.21 would be returned to the 175 individual victims of the scheme, and $100,387.79 to the defrauded financial institution. [D.E. 41]. Accordingly, on June 14, 2021, the Court entered an amended judgment ordering Defendant to pay restitution in the amount of $608,781.00, and waiving statutory interests. [D.E. 42 at 6]. The judgment

describes how Defendant shall make payments and states that such "payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." *Id.*

The Government then obtained Writs of Garnishment issued to Bank of America, Merrill Lynch, and E-Trade Financial. [D.E. 63, 65, and 67]. Garnishee Bank of America answered the Writ, identifying two accounts and a safe deposit box associated with Defendant. Both accounts, one ending in 5151 and the other in 9897, are jointly owned by Mr. Lewis, Phylis E. Lewis (his mother), and Anne Marie Rescigno (his domestic partner), and had a total balance of $5,800.19. [D.E. 68 and 69]. Garnishee E-Trade Securities answered the Writ, identifying a brokerage account ending in 5057 jointly held by Mr. Lewis and his mother Phylis E. Lewis, with a balance of $10,640.26. [D.E. 70]. Lastly, Garnishee Merrill Lynch answered the Writ, identifying two joint accounts in the names of Mr. Lewis and his mother Phylis E. Lewis: one ending in 4Y80, with a balance of $416,49.52, and an account ending in 3816, with a balance of $2,330.83. [D.E. 71].

On March 3, 2022, Defendant filed objections to the Answers on Writ of Garnishment, requesting that the Court order garnishment on less than the *pro rata* distribution of the ownership shares on each account. Specifically, Defendant asserts that because his family (*i.e.*, mother and domestic partner) are "innocent [co-]owners" of the accounts, and he is facing employment and financial difficulties as a result of his felony conviction, the Court should find that his family is entitled to a "significantly larger than two-thirds pro rata distribution" of the funds in the joint

accounts, and therefore, restrict the Government from garnishing the whole of Defendant's individual share in each account. [D.E. 72 at 5–6]. The Government, on the other hand, argues that the Defendant has failed to establish that he is entitled to the relief sought because he cannot establish that any of the accounts is exempt from levy, and because Defendant's request for garnishment of anything lower than his full ownership interest in each account is unsupported by any authority and runs counter to governing state and federal law. [D.E. 47 at 6]. Thus, the Government argues it is entitled to garnishing the Defendant's ownership interest in each of the accounts. We agree with the Government and, accordingly, recommend that Defendant's motion be DENIED.

## II.   ANALYSIS

The Government moved to garnish the funds of the joint accounts to enforce its criminal restitution lien against Defendant. *See* 18 U.S.C. §§ 3613(a), (f); and 3664 (m)(1)(A)(i) and (ii); 26 U.S.C. § 7403; 28 U.S.C. §§ 2001–2003. Specifically, the Government is enforcing a federal restitution lien under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. sections 3663A–3664. Under 18 U.S.C. section 3613(f), "[i]n accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution." *Id.* (alteration added). A restitution lien statutorily arises against a defendant's property interests at sentencing, and the lien is treated like a federal tax lien. See 18 U.S.C. §§ 3613(c), (f). Indeed, a sentencing court's restitution judgment can reach any property the IRS can reach to satisfy a tax lien, and the United States'

4

lien reaches every interest in property a debtor may have. *See United States v. De Cespedes*, 603 F. App'x 769, 771 (11th Cir. 2015) (citation omitted).

State law determines the extent of a debtor's interest in property, while federal law determines the consequence of property interests. *See United States v. McArthur*, 7 F. Supp. 3d 1220, 1222 (S.D. Ala. 2014) (citation omitted). For garnishment purposes, funds in a bank account are presumed to belong to the persons or entities named on the account, *Thomas J. Konrad & Assocs., Inc. v. McCoy*, 705 So. 2d 948, 949 (Fla. Dist. Ct. App. 1998), and the ownership form of a bank account with more than one named owner is presumed to be a joint tenancy under Florida statutory law. Fla. Stat. § 655.79 (2008).

It is undisputed that all five accounts identified by the garnishees in this case are held in joint tenancy. [D.E. 72 at 2–3] (conceding that all the accounts are joint tenancies). Accordingly, under Florida law, each co-owner of the garnished accounts is presumed to hold a proportionate share of the entire account that is equal to that of the other co-owners. *See Sitomer v. Orlan*, 660 So. 2d 1111, 1113 (Fla. Dist. Ct. App. 1995) (observing that in joint tenancies the owners' "interests must be the same"); *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 53 (Fla. 2001) ("[F]or . . . joint tenancies . . . . the owners' interests in the property must be identical"). Additionally, where a property is held as a joint tenancy "a creditor of one of the joint tenants may attach the joint tenant's portion of the property to recover that joint tenant's individual debt." *Id.* at 53.

As the Government rightly points out, neither Defendant's motion nor his

5

testimony during the hearing establish that his proportional share in each of the joint accounts is exempt from garnishment. During the hearing, Defendant suggested that this Court should limit garnishment to no more than 10% of his share in each account, relying purportedly on some vague notion of equity. But this view is unpersuasive. First, Defendant fails to provide any legal authority, or a sound factual basis, supporting his claim that only a minimal portion of his ownership share is subject to garnishment.[2] Second, to the extent that Defendant is requesting that the Court limit the Government's garnishment to a reduced share based on an equitable ownership analysis, Defendant has failed meet the high evidentiary threshold needed to depart from the presumption of equal share distribution for the purposes of garnishment. *See e.g.*, *Allen v. Gordon*, 429 So. 2d 369, 370 (Fla. Dist. Ct. App. 1983) (departing from equal share analysis of a joint tenancy where the evidence "was sufficient to establish that [co-owner 1's] name was included on the signature cards strictly for the convenience of [co-owners 2 and 3], with the understanding that [co-owner 1] would have the use of the money only for the benefit of [co-owners 2 and 3]"); *Stanbro v. McCormick* 105, LLC, 213 So. 3d 925, 926 (Fla. Dist. Ct. App. 2017) (clear and convincing evidence that boyfriend was the only depositor in the account and that trust named him as the sole trustee, prevented creditor from garnishing the funds to satisfy the debs of named girlfriend).

---

[2] Regarding Defendant's averments that both his mother and domestic partner depend on his financial support for medical treatment, Defendant's testimony during the hearing did not clarify why his mother's and partner's proportional shares in the accounts—which are outside the reach of the Government under the default title analysis—do not suffice for these alleged upkeep and medical expenses.

6

Furthermore, even if we were to assume that Defendant properly pleads a viable limitation to garnishment on the basis of an equitable distribution pursuant to state law, Defendant's argument would still fail to overcome the broad reach that this Court and others in our circuit have attributed to the Government's power to enforce—via garnishment or otherwise—restitution liens. *See United States v. McArthur*, 7 F. Supp. 3d 1220, 1225 (S.D. Ala. 2014) ("garnishment of co-owned property [] limits imposed by state law should not be read as curtailing or limiting the Government's right to enforce the restitution order against [defendant] by collecting on all of his property or rights to property, including the [entireties] Account."); *United States v. Pardo*, No. 19-21446-CIV, 2019 WL 5887385, at *1 (S.D. Fla. Nov. 12, 2019) (Altonaga, C. J.) (foreclosing criminal restitution lien attached to "the entirety of [defendant's] interest in the Property" pursuant to 18 U.S.C. § 3613).

We reach this finding with full consideration of what is fair and equitable under the circumstances, as Defendant urged us to do during the hearing. We note that the restitution amount agreed upon by Defendant and the Government, and subsequently ordered by this Court, is not for the loss caused by the entire scheme, but for the loss that is directly attributable to Defendant's participation in the fraudulent enterprise. [D.E. 80-1 at 15, 16, 36] (noting that Defendant was responsible for a loss of at least $670,000, whereas Dr. Wand was responsible for a loss of $1.3 million); [D.E. 41] (indicating that Defendant's restitution is meant to make whole 175 individual victims); *see also United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) ("restitution seeks to make victims whole by reimbursing them

7

for their losses"). Moreover, this restitution amount was a figure considered by the Court in pronouncing Defendant's sentence, including the waiver of additional fines or statutory interests. [D.E. 80-1 at 33]. We are cognizant of the ripple effects that a felony conviction can have in the professional life of an individual (*e.g.*, revocation of professional licenses), but if this in itself were a valid reason to avoid restitution obligations the Government's ability to enforce restitution liens would be nullified in criminal cases.

In sum, Defendant has failed to carry his burden to establish that the garnished accounts are exempt from garnishment, or that he is entitled to an equitable distribution that limits the Government's reach to no more than 10% of his ownership share in each account. We find no legal or factual basis to limit the Government's ability to garnish the entirety of Defendant's ownership share in the garnished joint accounts. That is what the law allows and what the Government is thus entitled to. Accordingly, we recommend that Defendant's motion be DENIED.

### III. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that:

1. Defendant's claim of exemption be DENIED; and

2. The Government's right to garnish the Defendant's proportionate share in each account in whole be AFFIRMED.[3]

Pursuant to Local Magistrate Rule 4(b), the parties have until **January 11,**

---

[3] In other words, the Government is entitled to garnish one-third (1/3) of the funds held in the Bank of America accounts; one-half (1/2) of the funds held in the E-Trade account; and one-half (1/2) of the funds held in the Merrill Lynch accounts.

**2023**, to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; see, e.g., Patton v. Rowell, 2017 WL 443634 (11th Cir. Feb. 2, 2017); Cooley v. Comm'r of Soc. Sec., 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 28 day of December, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge